IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | Removed from the Circuit Court of |
| v. | ) | Cook County, Illinois |
| | ) | Case No.: 2009 CH 16172 |
| QUINTILES CONSULTING, INC., and | ) | |
| JOHN DOES 1-10, | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendant, Quintiles Consulting, Inc. ("QCI"), by its attorneys, Ice Miller, LLP, and for its Notice of Removal states as follows:

1.　　On April 24, 2009, plaintiff, Glen Ellyn Pharmacy, Inc., filed an action in the Circuit Court of Cook County, Illinois, captioned Glen Ellyn Pharmacy, Inc. v. Quintiles Consulting, Inc. and John Does 1-10, No. 09CH16172 (the "State Court Action").

2.　　The Complaint in the State Court Action contains three counts based on QCI's alleged transmittal of an unsolicited advertisement to plaintiff by fax. Count I purports to state claims against QCI for violation of the federal Telephone Consumer Protection Act, 47 U.S.C. §277(b)(3)("TCPA"). Count II purports to state a claim for violation of the Illinois Consumer Fraud Act, 815 ILCS 525/2. Count III purports to state a common law claim for conversion. The plaintiff seeks to maintain each of these claims as a class action.

3.　　Plaintiff served QCI with the summons and the complaint from the State Court Action on May 4, 2009. Copies of the summons and complaint in the State Court Action are attached hereto as Exhibit 1, pursuant to 28 U.S.C. §1446(a). No other process, pleadings or orders have been served on QCI in the State Court Action. Accordingly, this Notice of Removal

is timely under 28 U.S.C. §1446(b), as it is filed within thirty days after QCI was served with a copy of the Initial Pleading setting forth the claim for Relief upon which this action is based.

4.    Removal of the State court Action to this Court is proper pursuant to 28 U.S.C. §1441(a). This Court has original federal question subject matter jurisdiction over Count I of the State Court Action under 28 U.S.C. §1331 because it asserts a claim under the TCPA, which is a law of the United States. This Court has federal question subject matter over TCPA claims, which are properly removable from state courts to this Court. *Brill v. Countryside Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) ("removal of [TCPA claims]) is authorized… by §1441 because the claim arises under federal law"); *G.M. Sign, Inc. v. Franklin Bank*, S.S.B., No. 06 C 949, 2006 WL 1132386 at *3 (N.D. Ill. April 19, 2006) ("Brill…clearly stands for the notion that federal courts have 'arising under' jurisdiction over TCPA claims pursuant to 28 U.S.C. §1331, and that such claims are thus removable under 28 U.S.C. §1441").

5.    This court also has supplemental jurisdiction over the remaining state law counts alleged in Counts II and III under Section 28 U.S.C. §1367(a), because those claims are so related to the federal TCPA claim as to form part of the same case or controversy. Plaintiff's claims do not raise novel or complex issues of Illinois law, and the state law claims do not predominate over plaintiff's federal TCPA claim, which provides for a statutory damage recovery far in excess of the actual damages recoverable for a violation of state law.

6.    This Notice of Removal is timely under 28 U.S.C. §1446(b) in that it was filed within thirty days after service of the summons and complaint on QCI on May 4, 2009.

7.    QCI will give prompt written notice of the filing of this Notice of Removal to counsel for plaintiff, and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, as provided by 28 U.S.C. §1446(d).

WHEREFORE, Quintiles Consulting, Inc. requests that this State Court Action be removed to this Court, and that this Court issue any order or process as may be necessary to bring it before it all parties to the State Court Action, pursuant to 28 U.S.C. §1447(a).

QUINTILES CONSULTING, INC.

By: _____ /s/ Thomas J. Hayes_____
One of its Attorneys

Bart T. Murphy (ARDC No.: 6181178)
Thomas J. Hayes (ARDC No.: 6280179)
Ice Miller LLP
2300 Cabot Dr., Suite 455
Lisle Illinois 60532
630.955.0555

C/80233.1

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

GLEN ELLYN PHARMACY, INC.

v.

QUINTILES CONSULTING, INC., and JOHN DOES 1-10

No. **09 CH 16172**

Quintiles Consulting, Inc.
c/o C T Corporation System
208 S. LaSalle St.
Suite 814
Chicago, IL 60604

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner & Goodwin LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St. 18th Fl.

City/State/Zip: Chicago, IL 60603

Telephone: 312-739-4200

Service by Facsimile Transmission will be accepted at: ____

WITNESS, APR 2 4 2009 , ____

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT

Clerk of Court

Date of Service: ____ , ____
(To be inserted by officer on copy left with defendant or other person)

312 410-9979
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT 1

Atty. No. 41106

FILED - 2

2009 APR 2

CHANCERY ILLINOIS COOK

DOROTHY BROWN —CLERK

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

GLEN ELLYN PHARMACY, INC.,

   Plaintiff,

   v.

QUINTILES CONSULTING, INC.,
and JOHN DOES 1-10,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)

**09 CH 16172**

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

  1. Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant Quintiles Consulting, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

  2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.    Plaintiff Glen Ellyn Pharmacy, Inc., is a corporation with offices at 486

Roosevelt Rd., Glen Ellyn, IL 60137, where it maintains telephone facsimile equipment.

4.    Defendant Quintiles Consulting, Inc., is a North Carolina corporation. Its

registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago,

Illinois 60604.

5.    Defendants John Does 1-10 are other natural or artificial persons that were

involved in the sending of the facsimile advertisements described below. Plaintiff does not know

who they are.

## JURISDICTION AND VENUE

6.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.    Have committed tortious acts in Illinois by causing the

transmission of unlawful communications into the state.

b.    Have transacted business in Illinois.

## FACTS

7.    On April 13, 2009, plaintiff Glen Ellyn Pharmacy, Inc., received the

unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.    Discovery may reveal the transmission of additional faxes as well.

9.    Defendant Quintiles Consulting, Inc., is responsible for sending or causing

the sending of the faxes.

10.    Defendant Quintiles Consulting, Inc., as the entity whose products or

services were advertised in the faxes, derived economic benefit from the sending of the faxes.

2

11.     Plaintiff had no prior relationship with defendant and had not authorized

the sending of fax advertisements to plaintiff.

12.     The faxes have a "remove" number at the bottom that is associated with

the mass broadcasting of advertising faxes.

13.     On information and belief, the faxes attached hereto were sent as part of a

mass broadcasting of faxes.

14.     On information and belief, defendants have transmitted similar unsolicited

fax advertisements to at least 40 other persons in Illinois.

15.     There is no reasonable means for plaintiff or other recipients of

defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be

left on and ready to receive the urgent communications authorized by their owners.

16.     Furthermore, the "opt out notice" required by the TCPA even when faxes

are sent with consent or pursuant to an established business relationship was not provided in the

faxes at issue.

## COUNT I – TCPA

17.     Plaintiff incorporates ¶¶ 1-16.

18.     The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile machine

..." 47 U.S.C. §227(b)(1)(C).

19.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court
of a State, bring in an appropriate court of that State–**

3

(A) **an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

(B) **an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

(C) **both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

21. Plaintiff and each class member is entitled to statutory damages.

22. Defendants violated the TCPA even if their actions were only negligent.

23. Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Quintiles Consulting, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

25. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

4

26.     There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members. The predominant common

questions include:

a.      Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

b.      The manner in which defendants compiled or obtained their list of

fax numbers;

c.      Whether defendants thereby violated the TCPA;

d.      Whether defendants thereby engaged in unfair acts and practices,

in violation of the ICFA.

e.      Whether defendants thereby converted the property of plaintiff.

27.     Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

28.     A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

29.     Several courts have certified class actions under the TCPA. Sadowski v.

Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman

v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu,

5

Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH

15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service,

Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P.

Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146

P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961

So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports

Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v.

United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding

Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc.,

245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American

Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

        30.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against the further transmission of unsolicited fax

advertising;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

31. Plaintiff incorporates ¶¶ 1-16.

32. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

33. Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

34. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

35. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

36. Defendants engaged in such conduct in the course of trade and commerce.

37. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

38. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to

7

public policy, as established by the TCPA and Illinois statutory and common law.

39.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

40.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Quintiles Consulting, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

41.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

43.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving

8

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.     Appropriate damages;

      b.     An injunction against the further transmission of unsolicited fax advertising;

      c.     Attorney's fees, litigation expenses and costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

46.     Plaintiff incorporates ¶¶ 1-16.

47.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

48.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

9

49.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

52.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

53.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Quintiles Consulting, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

54.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

55.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.      Whether defendants engaged in a pattern of sending unsolicited fax

10

advertisements;

    b.  Whether defendants thereby violated the TCPA;

    c.  Whether defendants thereby committed the tort of conversion;

    d.  Whether defendants thereby engaged in unfair acts and practices, in

violation of the ICFA.

    e.  Whether defendants thereby converted the property of plaintiff.

    56.  Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

    57.  A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

    58.  Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

    a.  Appropriate damages;

    b.  An injunction against the further transmission of unsolicited fax

advertising;

    c.  Costs of suit;

11

d.    Such other or further relief as the Court deems just and proper.


_____

Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois ·60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\22843\Pleading\Complaint_Pleading.wpd

12

# EXHIBIT A

# How Do We Prolong Graft Function
## and Improve Cardiovascular Event-Free Survival in the
### KIDNEY TRANSPLANT RECIPIENT

A continuing medical education certified live regional meetings series, incorporating interactive breakout discussion sessions with the experts.

**WHEN:**
Saturday, April 18, 2009
8:00 AM   11:45 AM

**WHERE:**
W Chicago - Lakeshore
Meeting Room: Studio 1
644 North Lake Shore Drive
Chicago, IL 60611

**PRESENTED BY:**
Co-Chairpersons
Stuart M. Flechner, MD, FACS
Professor of Surgery
Cleveland Clinic Lerner College
of Medicine
Glickman Urology and Kidney
Institute
Cleveland, Ohio

Matthew R. Weir, MD
Professor and Director
Division of Nephrology
University of Maryland School
of Medicine
Baltimore, MD

## EDUCATIONAL OBJECTIVES

- Integrate patient-tailored treatment into strategies to minimize CV risks
- Incorporate combination immunosuppressive regimens to maintain enduring graft function
- Gain a better understanding of patients' perspectives by comparing and discussing clinicians' and patients' responses to survey questions on treatment options and related issues

## AUDIENCE

This program is intended for transplant surgeons, nephrologists, urologists, pharmacists, and other healthcare professionals interested in the management and treatment of patients status post kidney transplant.

**To register, please complete one of the following:**

ONLINE: Register at www.SCEPTERCME.com/KidneyTransplant

FAX: Fax the completed Registration Form below to 1-866-840-4891

*Please Note: Space is limited and early registration is recommended.*

**CREDIT DESIGNATION STATEMENT**
SCEPTER designates this educational activity for a maximum of 3.0 *AMA PRA Category 1 Credits*™. Physicians should only claim credit commensurate with the extent of their participation in the activity.

**ACCREDITATION STATEMENT**
SCEPTER is accredited by the Accreditation Council for Continuing Medical Education (ACCME) to provide continuing medical education (CME) for physicians.

**PLEASE PRINT CLEARLY.**

| Last Name | | First Name | |
| --- | --- | --- | --- |
| Degree(s) | | Specialty | Affiliation |
| Street Address | | | Suite |
| City | | State | ZIP |
| Day Phone | | Evening Phone | |
| Fax Number | | E-mail Address | |

☐ Yes, you have my permission to fax and/or e-mail information to me about future CME activities.

PLEASE YOU MUST SIGN BELOW IF YOU WISH TO RECEIVE RELEVANT INFORMATION VIA FAX AND/OR E-MAIL.

| Signature | Date |
| --- | --- |

Should you have any questions about the program, please call the Support Desk at 1- 866-850-4739.

SCEPTER™ QUINTILES.  Jointly sponsored by SCEPTER™ and Quintiles Medical Education.        Wyeth  Supported by an educational grant from Wyeth Pharmaceuticals.
If you have received this fax transmission in error or wish to be removed from our list, please call 1-888-681-5252, enter document number 700005 and follow the prompts.